IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TONI A. MEDAWIS**,

        Plaintiff,

vs.                                                No. 10-CV-402 JAP/RHS

**MICHAEL J. ASTRUE**,
**Commissioner of Social Security,**

        Defendant.

### MAGISTRATE JUDGE'S ANALYSIS AND PROPOSED DISPOSITION

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 15). The Court considered the pleadings and the supporting documentation, and proposes that Plaintiff's Motion be denied and that the case be dismissed with prejudice.

### CASE HISTORY

Claimant asserts that she became disabled on December 1, 2003 (Administrative Record (AR) 63) due to a diabetic foot ulcer, angioplasty, a leg injury from 1983, asthma, high blood pressure and depression. (AR 73). She filed her claim for social security disability benefits on March 9, 2004. (AR 63). An Administrative Law Judge (ALJ) issued a decision on April 20, 2006 that denied disability benefits to Ms. Medawis. (AR 21-35). The claimant filed a subsequent application and has been found disabled as of June 20, 2006. This case addresses potential benefits from the claimant's alleged onset date, December 1, 2003, until the favorable decision in June 2006.

Ms. Medawis previously appealed to this Court for this same time period, which reversed

and remanded the case on July 2, 2008 for further proceedings.  (Civ. No. 07-232 JAP/RHS).  The further proceedings consisted of an additional hearing and decision by a different ALJ, which are the subject of this proposed disposition.  At the additional hearing on May 6, 2009, Ms. Medawis was represented by counsel.  (AR 423).  The ALJ afforded counsel the opportunity to question Ms. Medawis and the expert witness who testified.  (AR 455, 462).  On June 15, 2009, the ALJ issued a written decision that Ms. Medawis was not disabled.  (AR 377-389).  Ms. Medawis appealed to the Social Security Administration's Appeals Council, which declined review on February 17, 2010.  (AR 366).  Ms. Medawis filed in this Court on April 23, 2010 for additional review of alleged disability from December 1, 2003 to June 2006.

## ISSUES FOR REVIEW

This Court reviews the ALJ's decision-making process.  The ALJ is required to review Ms. Medawis's case in a sequential five-step process to determine if she is disabled.  20 C.F.R. § 404.1520.  For the first two steps, the ALJ found in favor of Ms. Medawis, and the steps are mentioned here only as background.  At the first step of the analysis, the ALJ determined that Ms. Medawis is not engaged in "substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i).  (AR 379).  In the second step, the ALJ considered whether Ms. Medawis has a severe medical impairment (20 C.F.R. § 404.1520(c) and 20 C.F.R. § 416.920(c)) and found that Ms. Medawis does have diabetes mellitus, a foot ulcer, status post stent emplacement, peripheral vascular disease, asthma, morbid obesity, dysthmic disorder, and substance abuse disorder.  (AR 379).

For step three, the ALJ concluded that Ms. Medawis does not have an impairment that meets or medically equals one of the listed impairments.  (AR 383).  This conclusion is adverse to Ms. Medawis, but she does not address the ALJ's step three decision in her Motion (Doc. 16),

so it is not discussed here.

Prior to step four, the ALJ reviewed Ms. Medawis's residual functional capacity and determined that Ms. Medawis had the capacity to perform light work with a sit or stand option a few minutes every hour. (AR 384). The ALJ also concluded that Ms. Medawis is limited to simple tasks. (AR 384). Ms. Medawis alleges that the ALJ erred in evaluating her credibility. The credibility determination analyzed in this proposed disposition.

At the fourth step, the ALJ considered whether, in light of Ms. Medawis's residual functional capacity, Ms. Medawis can still perform her past relevant work. The ALJ determined that the claimant could not perform any past relevant work (AR 388), which was a determination in her favor and therefore it is not disputed nor discussed here.

At step five, the ALJ determined whether Ms. Medawis could perform jobs in the national economy, given her age, education, work experience, and residual functional capacity assessment. In part based on the Vocational Expert's testimony, the ALJ concluded that there was at least one job that Ms. Medawis could perform and therefore she was not considered disabled. (AR 388). Ms. Medawis disputes this and argues that substantial evidence does not support the ALJ's decision at step five because the Vocational Expert's testimony was inconsistent with Dictionary of Occupational Titles. (Doc. 16 at 7).

## STANDARD OF REVIEW

The Court's review of the administrative decision is both factual and legal. The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Grogan v.

Barnhart, 399 F.3d 1257, 1259 (10th Cir. 2005).  Substantial evidence is less than a preponderance, Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989).

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases."  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

## ANALYSIS

### 1. Substantial Evidence Supports the ALJ's Determination That Ms. Medawis Is Not Credible (Residual Functional Capacity Assessment Step).

"In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true."  Social Security Ruling 96-7p.  The ALJ determined that the "claimant is not credible" and then detailed several areas of inconsistency between the claimant's testimony during the hearing and previous statements from the claimant that appeared in the record.  (AR 385).  Social Security Ruling 96-7p addresses consistency and credibility: "One strong indication of the credibility of an individual's statement is their consistency, both internally and with other information in the case record."  The areas of inconsistency were (1) ability to ambulate, leg pain and her cane; and (2) socialization opportunities.

With regard to Ms. Medawis's ability to ambulate, she testified at the 2005 hearing that she could walk several blocks for the time period in question.  (AR 388).  At the May 2009, her testimony regarding the same period of time became more favorable to a disability finding by testifying that she could walk only one half to one block.  (AR 443; AR 385).  As for leg pain, an August 12, 2004 physician letter states, "She is ambulating without significant pain."  (AR 218).  A treatment note from December 7, 2004 indicates that she said "her legs are excellent.  She

does not get any cramps in her legs when she is ambulating." (AR 220). But Ms. Medawis told the ALJ that her pain was an eight or nine on a scale of 10 (AR 438), which was more severe than suggested by the medical records. The claimant also testified to the need for a cane to walk so that she would not fall down (AR 432); however, as the ALJ noted, there appears not to be any support in the medical records for a walking problem that required a cane. (AR 387). In other words, Ms. Medawis's testimony regarding her ability to ambulate, her pain and her cane as a medical necessity was either contradicted or not supported by her own previous testimony or the medical records from more than one provider.

For the socialization issue, there were also discrepancies between the record created after the claimant's psychiatric review and her testimony. The two psychologists who interviewed and prepared an assessment of Ms. Medawis noted that she attended a pow wow at least once per month. (AR 196). But at the hearing, Ms. Medawis said that she could not attend pow wows because her spouse had passed away in 1999 and her native traditions dictated that she could not attend pow wows for seven years after his death. (AR 441). While it is not relevant for this stage of the five-step sequential evaluation whether Ms. Medawis attended a monthly pow wow, it is noteworthy that another record contradicted the testimony she provided to the ALJ.

The ALJ's decision regarding Ms. Medawis's functional capacity does not conflict with any treating source opinion because there were not any treating source physicians who opined about the claimant's functional capacity. (AR 388). A non-examining physician prepared a residual functional capacity assessment and determined that Ms. Medawis could perform light work (AR 388), which was consistent with the ALJ's conclusion.

In sum, there is substantial evidence to support the ALJ's conclusion that Ms. Medawis's testimony about her capacity was not credible and there is not any reason to remand this issue.

### 2. The Vocational Expert Testimony Is Not Inconsistent with the Dictionary of Occupational Titles and Therefore Substantial Evidence Supports the ALJ's Decision that Ms. Medawis Could Perform Other Work (Step Five).

The claimant argues that reversible error occurred because the ALJ relied on the Vocational Expert's flawed testimony to conclude that there were jobs that Ms. Medawis could perform.  At the hearing, the ALJ asked the Vocational Expert a question about jobs available to an individual with limitations like Ms. Medawis's limitations.  The functional limitations included light level work; simple tasks that are not performed in a fast-paced production environment; simple work-related decisions and in general few workplace changes; a sit-stand option of one to two minutes every hour; concentrating and attending for only two hours at a time; and interacting occasionally with her supervisors, coworkers and the general public.  (AR 459-459).  The Vocational Expert opined that the claimant could work as a shipping and receiving weigher.  (AR 460).  The ALJ also specifically asked the Expert if her testimony was consistent with the Dictionary of Occupational Titles, to which the Expert replied yes.  (AR 460).

The claimant essentially argues that the shipping and receiving weigher job requires greater abilities than the limitations imposed by the ALJ's question to the Expert, and the claimant argues that this is reversible error.  (Doc. 16 at 8-9).  Specifically, Ms. Medawis asserts that the limitations listed by the ALJ are consistent with Reasoning Development Level One: "Apply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job."  (Doc. 16-1 at 4).  However, the Expert testified that she could work as a shipping and receiving weigher, which required Reasoning Development Level Three: "Apply

commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations."  (Doc. 16-1 at 4).  In other words, Ms. Medawis is arguing that the Reasoning Development Level Three requirements for the shipping and receiving position are too difficult for her given the limitations that the ALJ imposed.

This argument is not conclusory and not persuasive.  Claimant's brief states, "It is apparent that the R3 job of Shipping and Receiving Weigher did not accommodate the ALJ's express restrictions in this case."  (Doc. 16 at 9).  However, it is not apparent and the brief does not explain how "apply commonsense understanding to carry out instructions" is inconsistent with a limitation to "simple tasks."  Given the vagueness of the language, it is not evident that Reasoning Development Level Three requires abilities more complex than what the ALJ described as claimant's limitations.  There is not any clear error by the Vocational Expert in applying the ALJ's limitations and deciding that the claimant could work as a shipping and receiving weigher with a Reasoning Development Level Three.

At the hearing, counsel did not object to the Vocational Expert's qualifications when specifically asked.  (AR 457).  The ALJ also allowed claimant's counsel to cross-examine the Vocational Expert (AR 462) and counsel did not ask any question regarding reasoning development levels.

Because the ALJ did not err by relying on the Vocational Expert testimony to assess Ms. Medawis's ability to perform other work, there is not any reason to remand this issue or reverse.

**3.      The ALJ Did Not Err With Regard to Social Security Ruling 83-20.**

Ms. Medawis argues that the ALJ committed reversible error by not calling upon a

medical advisor to determine the onset date of her alleged disability, which she contends is in violation of Social Security Ruling 83-20.  (Doc. 16 at 13-21).  The administrative ruling states, "At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred."  SSR 83-20 at 3.  However, in this case it was not necessary for a disability onset date to be inferred because the ALJ determined that Ms. Medawis did not have a disability for the time period in question.  If it is determined that a claimant does not have a disability, it would be fruitless to call on a medical advisor to determine when disability began.  The Social Security ruling on which Ms. Medawis relies addresses the Social Security Administration's policy with regard to disability onset dates and therefore is not applicable to this case.  Because it is not applicable, the ALJ did not commit reversible error by not calling upon a medical advisor to determine a disability onset date and there is not any reason to remand or reverse this issue.

In sum, the Social Security Administration's decision that Ms. Medawis is not disabled is supported by substantial evidence in the administrative record.  Therefore, the Court recommends that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 15)  be denied and that the case be dismissed with prejudice.

*Robert Hayes Scott*

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE